## Case No. 3,800.

DENNISTON et al. v. CHICAGO, A. & ST. L. R. CO.

[4 Biss. 414.][1]

Circuit Court, N. D. Illinois. April Term, 1864.

CLAIMANTS AGAINST INSOLVENT RAILROAD CO—PROMISES BY RECEIVER.

1. Claimants for materials furnished an insolvent railroad company are not entitled to payment out of a fund in court arising from a sale of the corporate property at the instance of mortgage bond-holders, until the bonds are paid. Such claimants have no specific lien upon the property.

2. Promise of payment by the receiver does not change their case; they can only take the surplus after specific liens have been discharged.

In equity.

A. W. Church, for defendant.

DRUMMOND, District Judge. This is an application by the petitioners Denniston and others, creditors of the Chicago, Alton & St. Louis Railroad, against the receiver, Mr.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Robb, to be paid out of the funds in his hands as receiver.

The petition was filed on the 19th day of January, 1864, after decrees had been rendered in this court in November, 1859, and in August, 1862, which decrees purport to make, substantially, a final disposition of all the property of the railroad company, and which last decree ordered a sale. Out of that sale some of the funds were realized which the court has under its control. These petitioners claim that they had an equitable lien upon the moneys received from the earnings of the road.

One of the creditors claims that he recovered a judgment against the company in the superior court of this county, on the 7th of December, 1859, for $747, for supplies furnished while the road was running under what is termed the Spencer lease. Another claims that he has a judgment against the company in the same court for $842.62 for supplies furnished under the same circumstances. Another creditor alleges that the railroad company was indebted to him in the sum of about $300 for supplies furnished, without particularly referring to the manner in which, or the time when, the supplies were furnished. Another creditor says he has obtained a judgment, without naming the court in which the judgment was obtained, for $932.68, which judgment was rendered for iron spikes and other supplies furnished to the railroad company in 1858 or 1859.

The main ground of the application is that the road was leased to Hamilton Spencer, and the supplies were furnished to the road while it was run by him, and when the assignment was made by Spencer to Matteson and Litchfield, they agreed to pay the expenses which had been incurred in running the road by Spencer, and that when the road came into the hands of the receiver, under the decree of this court, these parties had an equitable lien upon the funds realized from the earnings of the road, out of which they were to be paid.

These petitioners have no specific lien, legal or equitable, upon this property. The fact that Spencer and Matteson and Litchfield agreed to pay them, did not create a specific lien. It may be conceded that, after the railroad came into the hands of Matteson and was run by him when the parties who had liens upon the road were paid, that other parties might have an equitable lien upon the earnings of the road; but certainly they would have no right to be paid until prior incumbrances and liens had been satisfied. The fact that Matteson and Litchfield received the personal property cannot make any difference. They received it with the conveyance of real property, and these parties could not follow that personal property, merely because Spencer or Matteson, or various other parties who may have had control of the company, owed them a debt.

It may be admitted that, if this road had remained in the hands of the receiver, and the parties for whose benefit he was appointed had been paid, then these petitioners might have been entitled to receive from the proceeds in the hands of the receiver any surplus; but what are the facts? Here were large mortgages upon this railroad which had become hopelessly insolvent. Application was made to the court to put it in the hands of a receiver, in order that it might be operated for the payment of these mortgages. It was so done. It remained in the hands of the receiver for some years. Subsequently, other creditors applied to the court, it being manifest that the mortgages could not be paid in that way, or, at any rate, that the time would be so long that it was desirable for the interests of all that the administration of the road should be changed. They asked the court to order the property to be sold so that the parties in interest might realize upon their claims. It was accordingly sold, and the fund arising from the sale came under the control of the court. Now what equitable lien had these petitioners on that fund? None. Why? Because those who had prior liens came in and swept it away, and more than that, have not, perhaps, been half paid. It is precisely like the case of a man who furnishes to the owner of a farm the means of carrying it on; but there is another party who has a lien upon that farm, and it is sold in order that the party who has the prior lien may be paid. Now the fact that the mechanic or laborer has furnished the means of carrying on the farm would not authorize him to come into a court of equity and cut off the prior lien which exists on the farm and prevent it from being paid. These parties ought to be paid. They have a just claim against this road. But it is against an insolvent corporation, and they ask parties who have a prior right and lien to pay them because those with whom they have dealt cannot do so.

Upon general principles I hold what I have always held in all cases of this kind, that the party who has the prior lien is entitled to the preference, and this preference must prevail as against all except specific liens, and those, of course, have to be paid in their order.

The petition will, therefore, be dismissed.